IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAO-MSO RECOVERY II LLC, a Delaware entity, et al., on behalf of themselves and others similarly situated | ] ] ] ] ] | |
| Plaintiffs, | ] ] | |
| v. | ] ] | 2:17-cv-00513-KOB |
| INFINITY PROPERTY & CASUALTY GROUP, an Alabama company, | ] ] ] | |
| Defendant. | ] | |

## MEMORANDUM OPINION

This matter is before the court on Defendant Infinity Property & Casualty Corporation's motion to dismiss the amended complaint or, alternatively, motion for a more definite statement.[1] (Doc. 15).

Plaintiffs are MAO-MSO Recovery II, LLC; MSP Recovery, LLC; and MSPA Claims 1, LLC, and Defendant Infinity is a car insurance company that offers coverage for "any automobile accident-related medical expenses." (Doc. 26 at 1–2). Plaintiffs allege that Infinity insured Medicare beneficiaries who incurred medical costs for injuries received in car accidents. According to Plaintiffs, Infinity failed to pay those medical costs, causing certain Medicare Advantage Organizations to pay them instead. And although Infinity was statutorily required to reimburse the Medicare Advantage Organizations, Infinity failed to do so. Plaintiffs allege that

---

[1] The amended complaint refers to Infinity as "Infinity Property & Casualty *Group*," but Infinity states that its name is actually "Infinity Property & Casualty *Corporation*." (Doc. 15 at 1 n.1).

they have standing to seek reimbursement from Infinity because the Medicare Advantage Organizations assigned their rights of recovery to Plaintiffs.

The court WILL DENY the motion to dismiss the amended complaint because the court finds that Plaintiffs adequately allege that Medicare Advantage Organizations assigned their rights to Plaintiffs and that the amended complaint sets out facts that, if true, show that Infinity is required to reimburse Plaintiffs. But the court WILL GRANT the alternative motion for a more definite statement.

## I.  BACKGROUND

This case arises under the Medicare Secondary Payer statute. (Doc. 26); *see* 42 U.S.C. § 1395y(b). Under the statute, Medicare is the "secondary payer" after all other sources of coverage. 42 U.S.C. § 1395y(b)(2). In the words of the Medicare Secondary Payer statute, "if a primary plan . . . has not made or cannot reasonably be expected to make payment with respect to [an] item or service promptly," the secondary payer—Medicare—may make a conditional payment. 42 U.S.C. § 1395y(b)(2)(B)(i)–(ii). But if Medicare does pay for a service that a primary payer should have covered, it can seek reimbursement from the primary payer or from the recipient of the payment, and damages if the primary payer fails to reimburse it. 42 U.S.C. § 1395y(b)(3)(A) ("There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) . . . ."); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 875 (11th Cir. 2003).

Intersecting with the Medicare Secondary Payer statute is the existence of private insurers called Medicare Advantage Organizations. (Doc. 2 at 5). Medicare Advantage Organizations, "either themselves or through Maintenance Service Organizations . . . deliver the Medicare

benefits and assume the risks related to insuring the [Medicare] enrollees." *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, 2017 WL 6411099 (S.D. Fla. Dec. 14, 2017); 42 U.S.C. § 1395w-21(a)(1)(B); (*see also* Doc. 26 at 5 n.4). The Medicare Secondary Payer statute extends to Medicare Advantage Organizations, which means that like Medicare itself, Medicare Advantage Organizations are secondary payers. 42 C.F.R. § 422.108(f). As a result, if a Medicare Advantage Organization and another insurance company provide overlapping coverage for a Medicare beneficiary, the other insurance company becomes the primary payer and the Medicare Advantage Organization is the secondary payer; if the insurance company fails to make a required payment and the Medicare Advantage Organization makes a conditional payment, the Medicare Advantage Organization may sue the insurance company for damages. *See* 42 U.S.C. § 1395y(b)(3)(A).

Plaintiffs assert that Infinity provided car insurance, which included coverage for medical payments "for any automobile accident-related medical expenses," to "[n]umerous Medicare beneficiaries" who were members of the assignor Medicare Advantage Organizations. (Doc. 26 at 2, 13). They allege that the Medicare beneficiaries were involved in car accidents and incurred medical expenses, and that Infinity was aware of the accidents and even assigned claim numbers. (*Id.* at 14). But, according to Plaintiffs, Infinity "failed to pay and/or properly reimburse" the Medicare Advantage Organizations. (*Id.*). Plaintiffs explain that, although they are not themselves Medicare Advantage Organizations, "[n]umerous" Medicare Advantage Organizations "have assigned their recovery rights to assert the causes of action alleged in this Complaint." (*Id.* at 12–13).

In this putative class action, Plaintiffs assert two claims: (1) a claim under 42 U.S.C. § 1395y(b)(3)(A) for double damages because Infinity failed to make the required primary

payments or reimbursements to the assignor Medicare Advantage Organizations; and (2) direct right of recovery, under 42 C.F.R. § 411.24(e), for Infinity's breach of contract with its insureds. (*Id.* at 17, 19). They provide two "representative" claims with two named Medicare Advantage Organizations, one Maintenance Service Organization, and the initials of two Medicare beneficiaries.

After Infinity moved to dismiss the amended complaint, the court ordered Plaintiffs to "submit the document or documents purporting to assign the two representative Medicare Advantage Organizations' rights of recovery and reimbursement to Plaintiffs." (Doc. 34). Plaintiffs responded to the show cause order with several sets of assignment agreements assigning a Medicare Advantage Organization's and a Maintenance Service Organization's rights to Plaintiff MSPA Claims 1. (*See* Docs. 35 to 35-6).

**II. DISCUSSION**

Infinity moves to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of standing, and under Rule 12(b)(6), for failure to state a claim. (Doc. 15 at 13, 17). In the alternative, it moves for a more definite statement, under Rule 12(e). (*Id.* at 23). The court addresses the issue of standing first because standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008).

1. Standing

Federal Rule of Civil Procedure 12(b)(1) permits a district court to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1); *In re Weaver*, 632 F.2d 461, 463 n.6 (11th Cir. 1980). "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. United States v.*

4

*Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)) (quotation marks and alterations omitted).

"Article III of the Constitution confines the reach of federal jurisdiction to 'Cases' and 'Controversies.'" *Alabama–Tombigbee Rivers Coal. v. Norton*, 338 F.3d 1244, 1252 (11th Cir.2003) (quoting U.S. Const. art. III, § 2). To establish Article III standing, the plaintiffs bear the burden of showing (1) an "injury in fact"; (2) a "causal connection between the injury and the conduct complained of"; and (3) "that the injury will be redressed by a favorable decision." *Bloedorn v. Grube*, 631 F.3d 1218, 1228 (11th Cir. 2011) (quotation marks omitted)). The injury must be "'concrete and particularized' and 'actual or imminent.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560 (1992)).

Infinity makes only a facial challenge to Plaintiffs' standing—specifically, the requirement that Plaintiffs show an injury in fact. Many of Infinity's arguments about standing are actually arguments that Plaintiffs fail to allege facts supporting the elements of their causes of action, *i.e.*, that Plaintiffs failed to state a claim. (*See, e.g.*, Doc. 15 at 14–17); *see Mulhall*, 618 F.3d at 1286 ("Standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal; it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.") (quotation marks, alterations, and citation omitted). Infinity's only argument that actually goes to Plaintiff's standing is the

argument that Plaintiffs failed to adequately allege the existence of valid assignments of rights to them.[2] (*See* Doc. 15 at 10–13).

As Infinity points out, Plaintiffs' allegations about the assignments are quite sparse. All the amended complaint says is that "[n]umerous [Medicare Advantage Organizations] have assigned their recovery rights to assert the causes of action alleged in this Complaint to" each named Plaintiff. (Doc. 26 at 12–13). But the court finds that, at this stage, those allegations are sufficient. After all, as the Supreme Court said, "[a]t the pleading stage, general factual allegations . . . may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561. The general factual allegation of the existence of assignments embraces the specific facts needed to show that the assignments are valid.

Although the court concludes that, given the standard used to evaluate a motion to dismiss for lack of standing, Plaintiffs' *allegation* of valid assignments alone is sufficient to show that they have standing, the court will also briefly address the documents that Plaintiffs filed in response to this court's show cause order. (*See* Doc. 34); *see Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1206 n.50 (11th Cir. 1991) ("Whether a plaintiff has standing to sue is generally determined by assessing the allegations of his complaint. If, when it addresses the standing issue, the court has facts beyond the four corners of the complaint . . . the court may consider such facts.") (citation omitted).

The court finds that Plaintiff MSPA Claims 1 has established the existence of at least one valid assignment. (*See* Docs. 35-3 to 35-6). In one set of assignments, the Medicare Advantage

---

[2] For the reasons the court will discuss when it addresses Infinity's argument that Plaintiffs fail to state a claim, even if Infinity's arguments about the statutory requirements to assert a cause of action under § 1395y(b)(3)(A) did relate to standing, the court would find that Plaintiffs' allegations suffice to establish standing.

Organization Florida Healthcare Plus assigned its rights to recovery and reimbursement to La Ley Recovery, with the limitation that Florida Healthcare Plus had to approve of any future assignment by La Ley Recovery to any other entity. (Doc. 35-3 at 1–2). After Florida Healthcare Plus and La Ley Recovery entered that agreement, a Florida state court appointed a Receiver for Florida Healthcare Plus, (doc. 35-5 at 1), and La Ley Recovery assigned its rights under that agreement to Plaintiff MSPA Claims 1, (doc. 35-4 at 1). The Receiver for Florida Healthcare Plus later entered a settlement agreement with La Ley Recovery, retroactively approving any of La Ley Recovery's assignments. (Doc. 35-5 at 1–2, 9). In short, Plaintiff MSPA Claims 1 has standing because it has submitted evidence of a valid assignment of a Medicare Advantage Organization's rights to recovery and reimbursement.

The court notes that "even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 (1976) (quotation marks omitted); *see also Hope, Inc. v. DuPage Cnty., Ill.*, 738 F.2d 797, 805 (7th Cir. 1984) ("[F]or any of the individual plaintiffs to continue to litigate on behalf of the class in the present case, he or she must establish standing in his or her own right."). At this point, the court will not require the two other named Plaintiffs to submit evidence of valid assignments because, as discussed above, the general allegations in the amended complaint suffice at the dismissal stage. But the court emphasizes that the other named Plaintiffs will eventually have to shoulder their burden of *proving* valid assignments that give them standing to bring their claims.

As another court addressing this issue has said, the denial of a motion to dismiss based on allegations supporting standing does not preclude summary judgment "if Plaintiffs fail to back

up their assertions with the assignments themselves." *MAO-MSO Recovery II, LLC v. Gov't Emp. Ins. Co.*, 2018 WL 999920, at *7 (D. Md. Feb. 21, 2018). And this court stresses that, once discovery begins, addressing standing will be the court's highest priority. *See id.* ("Plaintiffs will be expected to expedite production of the assignments before they may seek discovery from [Defendant]."). To that end, the court has set a status conference for Monday, March 26, 2018.

For the reasons discussed above, the court WILL DENY Infinity's motion to dismiss for lack of jurisdiction. Next, the court addresses whether Plaintiffs stated a claim under the Medicare Secondary Payer statute.

2. Failure to State a Claim

Infinity argues that Plaintiffs have not stated a claim upon which relief can be granted because they have not alleged:

> (1) they each have at least one valid actual identifiable assignment (2) from at least one actual [Medicare Advantage Organization] that (3) lawfully paid a claim covered by the [Medicare Advantage Organization]'s plan (4) which claim Infinity could not reasonably have been expected by the [Medicare Advantage Organization] to timely pay and (5) which Infinity was demonstrated to be responsible for payment or reimbursement but (6) did not pay or reimburse.

(Doc. 15 at 18).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 8 requires only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). Rule 8 does not require "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47), but it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). To survive a

party's motion to dismiss for failure to state a claim, "the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Id.*

> Section 1395y provides:
>
> Payment under this subchapter [addressing Medicare as a secondary payer] may not be made, except as provided in subparagraph (B) [conditional payments], with respect to any item or service to the extent that . . . (ii) payment has been made or can reasonably be expected to be made . . . under an automobile or liability insurance policy or plan . . . or under no fault insurance.

42 U.S.C. § 1395y(b)(2)(A)(ii) (footnotes omitted). The same subsection provides that Medicare *may* "make payment under this subchapter with respect to an item or service if a primary plan . . . has not made or cannot reasonably be expected to make payment with respect to such item or service promptly . . . . Any such payment . . . shall be conditioned on reimbursement." *Id.* § 1395y(b)(2)(B)(i).

Infinity's first argument is the same as its standing argument—that Plaintiffs fail to allege the existence of valid assignments. (Doc. 15 at 18). The court rejects that argument here for the same reason it rejected that argument with respect to standing. The Federal Rules of Civil Procedure do not require the level of factual specificity that Infinity seeks. *See* Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555.

Infinity's second argument is that Plaintiffs fail to identify any specific Medicare Advantage Organizations. (Doc. 15 at 18). When Infinity filed its motion to dismiss, the amended complaint did not identify any specific Medicare Advantage Organizations, but Plaintiffs have since filed a sealed amended complaint identifying two Medicare Advantage

9

Organizations and one Maintenance Service Organization. As a result, the court rejects Infinity's second argument.

Infinity's third argument is that Plaintiffs do not state a claim because they fail to allege that "Infinity could not reasonably have been expected to pay any particular claim at the time it was paid by [a Medicare Advantage Organization]." (Doc. 15 at 15, 18). The plain language of § 1395y(b)(2) defeats that argument. The Medicare Secondary Payer statute authorizes payment in two situations: "if a primary plan . . . *has not made or* cannot reasonably be expected to make payment with respect to such item or service promptly." 42 U.S.C. § 1395y(b)(2)(B)(i) (footnote omitted) (emphasis added). The statute does not authorize a secondary payer to pay only where the primary payer has not paid *and* cannot reasonably be expected to make prompt payment; it authorizes a secondary payer to pay where *either* the primary payer has not paid *or* the primary payer cannot reasonably be expected to make prompt payment. Plaintiffs' allegation that Infinity *failed to pay* is sufficient to show that the assignor Medicare Advantage Organizations were authorized to make the payments for which Plaintiffs now seek reimbursement.

Infinity's final argument is that Plaintiffs fail to allege facts showing that Infinity failed to pay or reimburse any claims it was lawfully required to pay or reimburse. (Doc. 15 at 18). But Plaintiffs expressly allege that Infinity provided car insurance to Medicare beneficiaries who were members of Medicare Advantage Organizations, and that the insurance policies covered medical payments "for any automobile accident-related medical expenses." (Doc. 26 at 2, 13). According to Plaintiffs, Infinity's insureds were involved in car accidents that required medical treatment, and as a result, Infinity was required to pay their bills for medical services and supplies. (*Id.* at 14). But Infinity did not pay, causing the Medicare Advantage Organizations to make the payments instead. (*Id.*).

The court finds that Plaintiffs state a claim for damages under 42 U.S.C. § 1395y(b)(2). As a result, the court WILL DENY Infinity's motion to dismiss for failure to state a claim.

3. Request for a More Definite Statement

Alternatively, Infinity requests that this court order Plaintiffs to provide a more definite statement. Infinity seeks specific information about the assignor Medicare Advantage Organizations, the Medicare beneficiaries, the medical bills at issue, and an explanation for why the Medicare Advantage Organizations determined that Infinity could not reasonably be expected to make a prompt payment. (Doc. 15 at 24–25).

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[A] party may not use a Rule 12(e) motion to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery." *Harris v. Fisher-Price Inc.*, 2013 WL 9861461, at *1 (N.D. Ala. Oct. 24, 2013).

The court agrees with Infinity that, as it currently stands, the amended complaint is too vague to allow Infinity to reasonably prepare a response. Infinity needs the names—not just the initials—of the Medicare beneficiaries that it allegedly insured, as well as the identities of the assignor Medicare Advantage Organizations that allegedly paid their medical bills in Infinity's place. The court notes that, according to Plaintiffs, they offered to provide more specific information about the assignor Medicare Advantage Organizations and the Medicare beneficiaries if Infinity would agree to the entry of a protective order. (*See* Doc. 19 at 15 n.1). Infinity does not dispute that Plaintiffs made such an offer. The court encourages the parties to enter a protective order and to share that information. But in the meantime, the court WILL GRANT the motion for a more definite statement. The court WILL ORDER Plaintiffs to file an

addendum to the amended complaint that includes at least one representative claim *per named Plaintiff* and that identifies the assignor Medicare Advantage Organization or Organizations and the Infinity-insured Medicare beneficiary or beneficiaries.

But the court WILL NOT ORDER Plaintiffs to replead their amended complaint to add information about the specific medical bills or the reasons why the Medicare Advantage Organizations determined that Infinity had not paid or could not reasonably be expected to pay. Infinity does not need that information to prepare a response to the amended complaint. Instead, it can obtain that information through discovery.

### III. CONCLUSION

The court WILL DENY the motion to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim. The court WILL GRANT Infinity's request for a more definite statement, and WILL ORDER Plaintiffs to file an addendum to the amended complaint that includes at least one representative claim *per named Plaintiff* that identifies the assignor Medicare Advantage Organization or Organizations and the Infinity-insured Medicare beneficiary or beneficiaries.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 9th day of March, 2018.

*/s/ Karon O. Bowdre*
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE